IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL LEONARD TUCKER, SR.,    )
                                )
        Plaintiff,               )
                                )
    v.                           )    CIVIL ACTION NO. 3:16-CV-820-MHT
                                )
RUSSELL COUNTY SHERIFF DEPT., et al., )
                                )
        Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Michael Leonard Tucker, Sr. ("Tucker"), an indigent county inmate, on October 9, 2016.[1] In the complaint, Tucker alleges that various defendants failed to protect him from attack by other inmates during his incarceration in the Russell County Jail. Tucker also challenges the investigation conducted with respect to the attacks perpetrated against him and the delay in the presentation of criminal charges to the grand jury. In support of his failure to protect claims, Tucker presents the following assertions:

> 1. On September 5, 2013, Officer Dione Knox allowed inmate Montravious Harris out of his room at which time Harris attacked the plaintiff. *Doc. No. 1* at 3.
>
> 2. On November 23, 2013, inmates Eric Dansby, Curtis Newsome and Cladize Summers entered the plaintiff's cell, physically attacked the plaintiff and attempted to sexually assault him. *Doc. No. 1* at 2. Officer Hicks failed to protect the plaintiff from this attack. *Id*. at 3.

---

[1]The Clerk stamped the complaint "received" on October 13, 2016. Tucker, however, executed the complaint on October 9, 2016, *Doc. No. 1* at 5, and this is the earliest date he could have placed the complaint in the jail's mail system. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Thus, the court considers October 9, 2016 as the date of filing.

      3.  On January 27, 2014, Officer Holland allowed inmate Richard Arnold out of his cell at which time Arnold attacked the plaintiff. *Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  Failure to Protect

Tucker alleges that jail officials failed to protect him from attack by other inmates on September 5, 2013, November 23, 2013 and January 27, 2014. It is clear from the complaint that Tucker's claims challenging the constitutionality of protection afforded to him by jail personnel are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The actions about which Tucker complains occurred on September 5, 2013, November 23, 2013 and January 27, 2014. By its express terms, the tolling provision of *Ala. Code § 6-2-8(a)* provides no basis for relief to Tucker from application of the time bar as he was neither under the

---

[2]The court granted Tucker leave to proceed *in forma pauperis* on October 18, 2016 (Doc. No. 3). A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

age of 19 nor legally insane at the time his causes of action accrued. Thus, the statute of limitations as to Tucker's failure to protect claims began to run on September 6, 2013, November 24, 2013 and January 28, 2014.[3] The limitations periods for these claims therefore expired on September 8, 2014, November 24, 2014 and January 28, 2015, respectively.[4] Tucker filed the instant complaint on October 9, 2016. The filing of this civil action occurred well after expiration of each of the applicable periods of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon]*, 563 F.Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

---

[3]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

[4]Since expiration of the initial referenced limitations period fell on September 6, 2014, a Saturday, the one-year period of limitation expired the following Monday. Rule 6(a)(1)(C), Fed.R.Civ.P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Tucker has no legal basis on which to proceed regarding the claims of three separate instances of failure to protect him from attack by other inmates. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to each of Tucker's failure to protect claims expired prior to Tucker filing the instant complaint. In light of the foregoing, the court concludes that the failure to protect claims are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. Lack of Investigation

Tucker challenges the adequacy of the investigation undertaken with respect to his allegation of an attempted sexual assault. *Doc. No. 1* at 3. This claim entitles Tucker to no relief as an individual "does not have a federal due process right to a police investigation. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195-97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (In general, the Due Process Clause does not impose an affirmative duty on states to aid or protect their citizens.)." *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001); *Green v. City of Paterson*, 971 F.Supp. 891, 907-908 (D.N.J. 1997) ("No liability can be imposed against an officer for failing to conduct a post-arrest investigation or failing to conduct it properly. [*Romero v. Fay*,

4

45 F.3d, 1472, 1479 (10th Cir. 1995); *Sanders v. [English]*, 950 F.2d [1152,] 1162 [(5th Cir. 1992).]"). Consequently, the improper investigation claim is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim on which relief may be granted.

### C.  Criminal Charges

To the extent Tucker alleges that he has been deprived of his constitutional rights due to the lack of or a delay in the criminal prosecution of those inmates who subjected him to attack, he is likewise entitled to no relief.  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) ("[T]he district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (criminal statutes "do not convey a private right of action."); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States.  The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)."). Thus, any claim arising from a lack of or delay in the criminal prosecution of the inmate assailants

alleges violation of a legal interest which clearly does not exist and is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this civil action be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The plaintiff may file objections to the Recommendation on or before November 4, 2016. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made.  The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of October, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE